IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY L.R. DOZIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-117-WKW-WC |
| ) | |
| LAWTON ARMSTRONG, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# ORDER AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 5). On February 19, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. 3).

Plaintiff has requested leave to proceed *in forma pauperis*. Mot. (Doc. 2). Thus, the court is obligated to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e). *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i)-(iii).

After an initial review of Plaintiff's complaint, the undersigned Magistrate Judge entered an Order (Doc. 4) describing numerous fatal deficiencies with the complaint, and instructing Plaintiff to amend her complaint. Plaintiff filed her Amended Complaint (Doc. 5) on March 9, 2015. For the following reasons, the undersigned Magistrate Judge finds that Plaintiff's complaint, as amended, is due to be dismissed pursuant to the provisions of § 1915(e)(2)(B).

As the undersigned explained in the Order directing Plaintiff to amend her complaint, a review of the sufficiency of Plaintiff's complaint for purposes of § 1915(e)(2)(B) begins with analysis of whether Plaintiff's complaint complies with the pleading standard applicable to all civil complaints in federal courts. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In general, then, a pleading is insufficient if it offers only mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (a complaint does not suffice under Rule 8(a) "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"). Thus, in order to satisfy Rule 8(a), Plaintiff's complaint "'must contain sufficient factual matter, accepted as true, to 'state a claim for

2

relief which is plausible on its face.'" *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1051 (11th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "A claim is factually plausible where the facts alleged permit the court to reasonably infer that the defendant's alleged misconduct was unlawful. Factual allegations that are 'merely consistent with' a defendant's liability,' however, are not facially plausible." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, although district courts must apply a "less stringent standard" to the pleadings submitted by a pro se plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Accordingly, Plaintiffs' complaint, even if liberally construed, must minimally satisfy the dictates of Rule 8(a) of the Federal Rules of Civil Procedure in order to survive review under § 1915(e). As set out below, the undersigned concludes that the complaint, as amended, fails to withstand such scrutiny.

As the court stated in its Order instructing Plaintiff to amend her complaint, Plaintiff's original complaint was confusing, conclusory, encumbered by pleading defects, and, even interpreting Plaintiff's allegations liberally, was subject to dismissal under § 1915(e)(2)(B) for a number of reasons. Plaintiff's amended complaint does not

3

merit a different outlook on the ultimate viability of her case. Plaintiff appears to allege a violation of her constitutional rights stemming from an apparent conviction, or revocation of probation, on state drug charges in 1988 or 1989. Am. Compl. (Doc. 5) at 1. The defendants appear to be a number of persons involved in events related to the conviction or in other positions of state and local government, including, *inter alia*, the current Governor and Attorney General of Alabama, state court judges, law enforcement officers, a prosecutor, her defense attorney, and a state court clerk. Plaintiff appears to allege that that the charges for which she was convicted in 1988 or 1989 were fabricated. She alleges that Defendants, including the current Governor and Attorney General, "Forged document and Tampered with evidence" by falsifying an indictment filed in 1988 and, further, that Defendants committed "Forgery and Tampering" in regard to an "Alabama Judicial Information System – Case Action Summary" report which was produced in 2008. Am. Compl. (Doc. 5) at 1-2. She claims that Defendants "knew that Dozier had no 1989 charges and forged documents and tampered with government records that caused Dozier to be arrested and detained in violation of her 4th 5th 14th Amendment and due process rights." *Id.* at 2. She further alleges that Defendant Crespi "errored and violated due process in trying Dozier and Bullard fail to defend Dozier of unconstitutional actions which is ineffective assistance of counsel and violation of her 6th amendment right[,]" which, she asserts, "led to guilty verdict and sentence to false imprisonment[.]" *Id.* In addition, Plaintiff appears to be challenging a recent decision of the state courts to decline to purge her record of any notation of the subject conviction, despite what she describes as an executive pardon which she received. *See id.* (alleging

that Defendants Binford and Mendheim "should have granted Dozier's 'request to purge' and make all 1989 charges void and of no effect").  *Id.* at 3.

As a preliminary matter, the undersigned notes that Plaintiff largely failed to abide by the court's order that she file an amended complaint which would "clearly and succinctly allege the facts with which she is aggrieved, and, as to each defendant she names in the complaint, [would] clearly and succinctly allege the specific actions taken by such defendant which she alleges has violated her constitutional rights."  Order (Doc. 4) at 4.  In response to the court's directive, Plaintiff has only alleged that essentially all defendants committed or participated in the discrete acts of forgery or tampering which she appears to assert as the core of her complaint.  As such, Plaintiff has failed to state specific, viable claims for relief against the individual defendants she names in her suit.  Putting aside this fatal defect, however, it is apparent that the allegations of Plaintiff's original and amended complaint are precisely the sort of "unadorned," "naked assertions" of fact which are insufficient to satisfy the pleading standard of Rule 8(a).  Plaintiff simply presents the conclusory allegation that all defendants forged or tampered with court documents.  The Amended Complaint is therefore completely devoid of the sort of "factual enhancement" necessary to sustain a viable claim for relief under Rule 8.  Moreover, Plaintiff's allegations are utterly implausible on their face.  Plaintiff offers no factual allegations establishing that her claims of a wide-ranging conspiracy to convict and imprison her on bogus criminal charges could be plausible.  Most glaring in this regard is Plaintiff's allegation that the current Governor and Attorney General of

Alabama were somehow involved in falsification and tampering with records which were produced long before those persons held their current offices.

Apart from the insufficiency of Plaintiff's allegations, it is apparent that Plaintiff's action is untimely. Plaintiff purports to bring her claims for constitutional violations under 42 U.S.C. § 1983. Am. Compl. (Doc. 5) at 2. "Constitutional claims brought under 42 U.S.C. § 1983 are tort actions subject to the personal injury statute of limitations of the state where the action has been brought. The statute of limitations in Alabama is two years." *Lindley v. City of Birmingham, Ala.*, 515 F. App'x 813, 814 n.1 (11th Cir. 2013) (citing *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008), and Ala. Code § 6-2-38). "A cause of action accrues for purposes of determining when the statute of limitations began to run when the plaintiff knew or should have known of his injury and its cause." *Eubank v. Leslie*, 210 F. App'x 837, 841 (11th Cir. 2006). The complaint makes clear that Plaintiff knew or should have known of her alleged injuries in 1988 or 1989, when she was convicted on purportedly nonexistent charges, or in 2008, when, she alleges, Defendants falsified a Case Action Summary report concerning that conviction. None of Plaintiff's allegations regarding her conviction in 1988 or 1989 state a claim for a constitutional injury occurring within two years of the date that she filed the instant complaint.

In addition to the insufficiency of Plaintiff's allegations and the bar imposed by Alabama's statute of limitations, other defects warrant dismissal of Plaintiff's claims. Plaintiff is attempting to sue several defendants, including a state court prosecutor and state court judges, for alleged actions they committed in their functions as a prosecutor

and judges. Such defendants are plainly immune from suit under § 1983 under the principles of judicial and prosecutorial immunity. Plaintiff is also attempting to sue her former defense attorney, who cannot be liable to her in a suit under § 1983 because defense attorneys in criminal prosecutions, even those appointed and compensated by the court, are not state actors for purposes of § 1983. *See Holt v. Crist*, 233 F. App'x 900, 902-03 (11th Cir. 2007). Moreover, to the extent Plaintiff is indeed alleging a claim based upon the failure of a state court to grant her "request to purge," she is plainly a losing state court litigant seeking a federal court reversal of the state court's decision. The court lacks subject matter jurisdiction over such a claim. *See, e.g., Casale v. Tillman*, 558 F.3d 1258, 1260-61 (11th Cir. 2009) (describing and applying *Rooker-Feldman*[1] doctrine). Finally, it appears Plaintiff is likely precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994), from seeking damages under 42 U.S.C. § 1983 on the basis of her state court conviction.[2]

---

[1] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

[2] In short, *Heck* held as follows:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus []. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. Plaintiff alleges that she has received a pardon, and attached documents in support of this contention to her complaint. However, the Certificate of Pardon appended to Plaintiff's complaint makes clear that the basis for the pardon is that Plaintiff "so conducted

For all of the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint, as amended, be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) because the amended complaint is frivolous, fails to state a claim on which relief may be granted, and seeks monetary relief from defendants who are immune to such relief.  The undersigned Magistrate Judge further RECOMMENDS that Plaintiff's Motion to Lift Stay to Serve Defendants (Doc. 6) be DENIED as moot.  Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.  Further, it is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation **on or before November 24, 2015**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by

---

himself [sic] as to demonstrate his [sic] reformation and to merit pardon with restoration of civil rights."  The Certificate clarifies that it does not have the effect of restoring Plaintiff's right to possess a firearm or relieve her from the effects of Alabama's Habitual Offender Act.  Thus, it appears the Alabama Board of Pardons and Paroles merely exercised its discretion to relieve Plaintiff of some of the collateral consequences of her conviction based upon her ostensibly good conduct in the intervening years.  And, as Plaintiff's own allegations make clear, the state court has rejected her request to "purge" her record of the subject conviction.  It therefore appears that Plaintiff's conviction has not been invalidated, set aside, expunged, or called into question for purposes of applying *Heck*.

the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 10th day of November, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE